FREDERICK D. NILSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nilson v. Commissioner
Docket No. 3702-83.
United States Tax Court
T.C. Memo 1985-535; 1985 Tax Ct. Memo LEXIS 95; 50 T.C.M. (CCH) 1312; T.C.M. (RIA) 85535; October 21, 1985. Wayne T. King, for the petitioner. Dennis Perez, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned to the undersigned pursuant to the provisions of section 7456(d)(3) of the Code [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined the following deficiency and additions to tax in petitioner's 1980 Federal income tax. Additions to Tax
Deficiency
§ 6653(a)
§ 6651(a)
§ 6654(a)
$6,979.26
$348.96
$1,696.06
$431.07
*96 This case arises as a result of petitioner's failure to file an income tax return for his 1980 year. Prior to the trial herein, petitioner conceded that he should have filed a return for that year and that he should have paid income tax for the year. Petitioner's problems arise as a result of his ill-starred membership in an organization known as Your Heritage Protection Association. After concessions, [2] the sole issue remaining for decision is whether petitioner is liable for additions to tax for failure to file pursuant to section 6651(a). Some of the facts have been stipulated and are incorporated herein by this reference. Petitioner was a resident of Burbank, California, at the time of filing the petition herein. Petitioner is a high school graduate who has taken approximately 15 units at a junior college. He sold insurance for about four years for Farmers Insurance Group. In November *97 of 1979 petitioner began working for Lockheed as a structures assembler trainee. At the time he spent four weeks learning how to assemble aircraft fuselage. By March of 1980 petitioner had become a structures assembler and later a structures assembler lead. In June of 1980 petitioner became a structures assembler supervisor and in that position was required to supervise 20 to 25 people. Mrs. Nilson was born in Canton, China. She moved to the United States in 1969, where she attended high school. Mrs. Nilson attended California State, Northridge, where she majored in mathematics for 1-1/2 years. Mrs. Nilson began working for Lockheed in September of 1980 as a clerk typist. Petitioner and Mrs. Nilson first heard of Your Heritage Protection Association (YHPA) through a member of their church, Steve Yancey, who told them he had not paid taxes for several years and that it was legal. They later discussed YHPA with Mr. Heinselman, a member of their church whom they greatly admired and respected. Both petitioner and Mrs. Nilson attended a YHPA meeting in January of 1980. At that time they joined the YHPA. Mr. and Mrs. Nilson testified that they were impressed by the fact that *98 the meeting began with the Pledge of Allegiance and that the presentation was very well organized and convincing. Mr. Nilson continued to attend meetings where discussions centered on the assertion that it was legal not to pay taxes. Mr. Nilson testified that he was convinced by the presentations offered by YHPA that he did not need to file a tax return and that he was advised the YHPA had a legal center which he could contact for tax advice. Petitioner paid YHPA a membership fee of $15 and made monthly payments of $15 until Mrs. Nilson went to work at which time the monthly payments increased to $25. He attended meetings on a regular basis. When petitioner first joined he was advised that he could discuss YHPA's tax theories with his present tax attorney, C.P.A. or tax preparer but that those persons would discourage him from not filing tax returns as it "would mean bread and butter out of their pocket." He was also discouraged from contacting the Internal Revenue Service by an unnamed member of the legal department of YHPA. Petitioner slowly came to the realization, as he put it, that "the organization had conned me into doing something that I shouldn't have done." He became *99 confused by the fact he was working for Lockheed on government projects and his paycheck came from people paying their taxes. When he questioned a YHPA speaker, Jack Purfock, about his doubts, petitioner testified: And he offered me doomsday. He said we're going to have a collapse of our monetary system. At that point, I decided that this is not what I intended, not what I thought the organization was. Petitioner filed Federal income tax returns for taxable years 1974 through 1978. His returns had always been prepared for him. Petitioner did not file a Federal income tax return for 1979. His tax return for 1980 was submitted to respondent on July 24, 1984, long after the filing of the petition herein. In determining not to file their 1979 and 1980 Federal income tax returns, petitioner and his wife followed the advice they had received from the YHPA and did not ask for the views of the persons who had prepared their tax returns in earlier years. In this Court they are only contesting the addition to tax for failure to file as determined by respondent pursuant to section 6651(a). They claim that they had reasonable cause not to file their 1980 Federal income tax return. *100 Respondent contends that there was no reasonable cause for their failure to file and the additions to tax should be sustained. We agree with respondent. Section 6651 provides for the imposition of an addition to tax for failure timely to file a return unless such failure is "due to reasonable cause and not due to willful neglect." Petitioner bears the burden of proving that his failure to file was due to reasonable cause and not due to willful neglect. Fischer v. Commissioner,50 T.C. 164 (1968); Rule 142(a), Tax Court Rules of Practice and Procedure. While petitioner may have honestly believed he did not have to file a return, we do not think that such a belief was reasonable or that reasonable cause existed to excuse his failure to file. Reasonable cause has been defined as the exercise of ordinary business care and prudence. Sec. 301.6651-1(c)(2), Proced. & Admin. Regs.; Inter-American Life Insurance Co. v. Commissioner,56 T.C. 497, 511 (1971), affd. per curiam 469 F.2d 697 (9th Cir. 1972). Reliance on a group leader or other person in authority may perhaps preclude imposition of an addition to tax for fraud, but it is not reasonable *101 cause for failing to file a timely return. In Muste v. Commissioner,35 T.C. 913 (1961), the taxpayer's sincere belief on religious grounds that the Internal Revenue Code was unconstitutional did not amount to reasonable cause which would preclude a failure-to-file addition to tax. See also Wiggins-El v. Commissioner,T.C. Memo. 1981-495. We have carefully considered the fact that petitioner and his wife were in contact with the so-called legal department of YHPA and followed some advice they were given by an unnamed person. We have also carefully considered the fact that petitioners embarked upon this course after the receipt of advice from trusted and respected church members who were not, we note, tax advisors by profession. We are struck by the fact that petitioner and his wife are both obviously intelligent persons who set forth on this folly without questioning those persons from whom they had sought tax advice in earlier years. We find it incredible that petitioners could have believed that our taxing system, long in place, was subject to the infirmities so falsely alleged by the YHPA. We find that petitioner did not have reasonable cause *102 to fail to file his return in a timely manner. He is therefore liable for the section 6651(a) addition to tax for failure to file. Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The parties have stipulated that petitioner and Mrs. Nilson have joint tax liability for 1980 of $3,660, that they are liable for an addition to tax pursuant to section 6654(a) in the amount of $209.52 and they are not liable for additions to tax pursuant to section 6653(a).↩